UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

ALFRED S. TEO, SR., and
JOHN REIER,

        Defendants.

Crim. No. 04-583 (KSH)

**DEFENDANT ALFRED S. TEO SR.'S MEMORANDUM
OF LAW IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE ANY EVIDENCE CONCERNING
THE NEW YORK STOCK EXHANGE INVESTIGATION**

**KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP**
Mark A. Rush (MR 3812)
(Admitted pro hac vice)
John A. Azzarello (JA 4363)

One Newark Center, Tenth Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Fax: (973) 848-4001

Attorneys for Defendant,
Alfred S. Teo, Sr.

**TABLE OF CONTENTS**

| | Page |
|---|---|
| INTRODUCTION | 1 |
| STATEMENT OF FACTS | 1 |
|     NYSE Documents Produced By the Government | 2 |
| ARGUMENT | 3 |
| CONCLUSION | 7 |

## TABLE OF AUTHORITIES

**Page**

### CASES

Carter v. Hewitt.
    617 F.2d 961 (3d Cir. 1980) ...................................................................................5

Coleman v. HomeDepot, Inc.,
    306 F.3d 1333 (3d Cir. 2002) ..............................................................................3, 4

Jaroslawicz v. Engelhard Corp.,
    724 F. Supp. 294 (D.N.J. 1989) ..........................................................................5,6

Maldonado v. Olander,
    108 Fed. Appx. 708, (3d Cir. 2004) ....................................................................3, 4

Shoppin' Bag of Pueblo, Inc. v. Dillon Companies, Inc.,
    783 F.2d 159 (10th Cir. 1986) .................................................................................4

### RULES

Fed. R. Evid. 403 ............................................................................................... *passim*

## INTRODUCTION

Defendant Alfred S. Teo, Sr. ("Mr. Teo") respectfully moves this Court to exclude any oral or documentary evidence concerning the New York Stock Exchange's ("NYSE") Musicland Stores Corp. ("Musicland") investigation ("NYSE#00055") (hereinafter referred to as the "NYSE Investigation"). The introduction of any evidence concerning the NYSE Investigation is inappropriate because it will have substantially more prejudicial impact than its probative value that will unfairly prejudice the jury substantially more than it would assist them in determining whether the questions presented to them are more or less probable. It will also amount to a waste of time and a needless presentation of cumulative evidence.

## STATEMENT OF FACTS

On or about November 2000, the NYSE opened an investigation of trading in Musicland preceding the December 7, 2000 announcement that Best Buy Company had signed an agreement to acquire Musicland. This NYSE Investigation concluded on January 8, 2002, with a comprehensive memorandum setting forth its results ("NYSE Concluding Memorandum"). The facts reviewed by the NYSE regarding Mr. Teo's trading activity involving Musicland are the same facts underlying the Government's allegations against Mr. Teo and are the same facts that will be admitted into evidence during the course of trial before this Court.

In the case before this Court, the Government has produced documents concerning the NYSE Investigation, including but not limited to, the NYSE Concluding Memorandum that it may intend to introduce at trial and has questioned Mr. Teo about the NYSE Investigation at deposition. The following is a list of the documents

NY-392271 v2

concerning the NYSE Investigation produced by the Government which should be excluded from introduction at trial:

**NYSE Documents Produced By the Government**

- US 022982
- US 053622-US 053643
- US 053644-US 053666
- US 053667-US 053669
- US 053670-US 053738

In addition, in an e-mail exchange, The Government has preferred that it only intends to use the NYSE evidence to refresh witnesses' recollection if necessary. It does not intend to introduce any documents relating to the NYSE as evidence nor does it intend to introduce the NYSE investigation at trial.

Given The Government's intent with respect to evidence pertaining to the NYSE as stated above, any reference to the NYSE, investigation itself should be excluded. Moreover, the defense respectfully request that if The Government is to use any document relating to the NYSE investigation to refresh a witness's recollection, The Government and its witness be required to refer to such document as "a memo prepared" and not reference the source, the NYSE, of the document.

2

## ARGUMENT

Any evidence concerning the NYSE Investigation should not be admissible at trial because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 403. Even if evidence is relevant, it may be excluded under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Maldonado v. Olander, 108 Fed. Appx. 708, 711 (3d Cir. 2004), citing, Fed. R. Evid. 403.

Any evidence concerning the NYSE Investigation will have little probative value in the case before this Court as the facts reviewed in the NYSE Investigation (Mr. Teo's Musicland trading activity) are the same facts that will be presented to the jury at trial, thus, rendering any evidence regarding the NYSE Investigation wasteful and redundant. What this NYSE Investigation evidence lacks in probative value it makes up for in risk of prejudice. This evidence will be highly prejudicial to Mr. Teo in the eyes of the jury as its introduction would present the risk of the unfair intimation of wrongdoing on the part of Mr. Teo. Inclusion of the NYSE investigation would, in effect, be giving the jury a determination in the nature of an expert opinion on conclusions which the lay jury is equipped to draw for itself based on the evidence presented at trial.

Inquiries and investigative proceedings conducted by government bodies are often excluded from introduction into evidence on the grounds of prejudice. In Coleman v. Home Depot, Inc., 306 F.3d 1333 (3d Cir. 2002), the Third Circuit upheld the trial

3

court's determination to exclude the conclusions of the Equal Employment Opportunity Commission ("EEOC") in a sexual discrimination case because the probative value of the EEOC's conclusions were "substantially outweighed" by the problems it created by its introduction. Id. at 1347; see also, Shoppin' Bag of Pueblo, Inc v. Dillon Companies, Inc., 783 F.2d 159 (10th Cir. 1986)(Tenth Circuit upheld the trial court's decision to exclude evidence of a Federal Trade Commission investigation from the plaintiff's case in chief because it was too prejudicial, risked confusing and misleading the jury, and threatened the public policy encouraging voluntary cooperation with agency investigations).

In Coleman, the district court held that the "problems" created by the introduction of the EEOC conclusions were that they were unfairly prejudicial and potentially confusing to the jury. Coleman, 306 F.2d at 1344. The Third Circuit went a step further and noted that the introduction of the EEOC conclusions would also have potentially caused undue and waste of time because a "trial within a trial" would have been created if defendant Home Depot had been forced to counter the EEOC's conclusions as this would have certainly involved a great deal of testimony. Id. Just as the court in Coleman barred the introduction of the EEOC conclusions, this Court should preclude any evidence concerning the NYSE Investigation as its "low probative value" will be substantially outweighed by the problems created by its introduction.

Also, in Maldonado, 108 F.ed. Appx. 708, the Third Circuit upheld the trial court's decision to exclude evidence concerning an internal prison investigation conducted in a §1983 action on Federal Rule of Evidence 403 grounds because (i) the facts relied upon in the prison investigation where already entered into evidence at trial or were permitted

4

to be introduced thus precluding the presentation of cumulative evidence and (ii) the court wanted to ensure that the jury would not give undue weight to the police investigator's understanding of the facts thus making it more prejudicial than probative. Id. Similarly, any evidence of the NYSE investigation should be excluded from trial as (i) the facts reviewed by the NYSE will be introduced at trial or will be permitted to be introduced and (ii) there is a very high risk that the jury will place undue significance on the any NYSE Investigation evidence making any such evidence much more prejudicial than probative.

Yet another Third Circuit case involving the determination of Federal Rule of Evidence 403 admissibility of a government investigation, noted that an any evidence of the SEC inquiry "is unfairly prejudicial if it . . . provokes [the jury's] instinct to punish or otherwise may cause a jury to base its decision on something other than the established propositions in the case." Jaroslawicz v. Engelhard Corp., 724 F. Supp. 294, 298 (D. N.J. 1989), citing, Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980). In Jaroslawicz, the court imposed a stringent limiting instruction to the jury in order to mitigate any potential prejudice caused by reference to the SEC investigation involved in that situation in an effort to prevent the jury from "inferring that any conclusions they may reach are corroborated by a governmental agency." Jaroslawicz, 724 F. Supp. at 298. In Jaroslawicz, the potentially prejudicial evidence about which the court was concerned was only that of an SEC *inquiry* - - not a full investigation. Thus, the concerns before this Court must be even greater as the evidence at issue is of a full NYSE investigation, therefore, leaving little doubt the severity of the prejudicial risk any such evidence would have on the "[the jury's] instinct to punish," "[the jury's] decision on something other than

5

the established propositions in the case" or "[the jury] inferring that any conclusions they may reach are corroborated by a governmental agency." Therefore, any evidence of the NYSE Investigation must be entirely excluded.

Moreover, any evidence concerning the NYSE Investigation should be excluded from admission pursuant to Federal Rule of Evidence 403 because it would amount to a waste of time and a needless presentation of cumulative evidence. Since the facts reviewed by the NYSE pertaining to Mr. Teo's alleged Musicland trading activity are the same facts underlying the Government's allegations against Mr. Teo in the action before this Court and is the same evidence that will be introduced as evidence at this trial. Thus, any introduction of the NYSE investigation would result in the presentation of cumulative and redundant evidence. Most significantly, the introduction of the NYSE Investigation will result in creating "mini-trial" because the history and function of the NYSE and it's investigatory capacity will be required to ensure that the jury understands and will able to conduct a rationale consideration of the NYSE related evidence. See Jaroslawicz, 724 F. Supp at 298 (trial court utilized a stringent limiting instruction in order to ensure that any evidence pertaining to the SEC investigation would not result in a "mini-trial" on the history and function of the SEC).

## CONCLUSION

For the foregoing reasons, any evidence concerning the NYSE Investigation should be excluded from introduction at trial.

Dated: October 11, 2005
      Newark, New Jersey

                Respectfully submitted,

                KIRKPATRICK & LOCKHART NICHOLSON
                GRAHAM LLP
                One Newark Center – 10th Floor
                Newark, N.J. 07102
                (973) 848-4000

By: _____
Mark A. Rush (MR 3812)
(Admitted pro hac vice)
John A. Azzarello (JA 4363)

Counsel for Defendant,
Alfred S. Teo, Sr.

7